FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 19, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MASONRY INDUSTRY TRUST ADMINISTRATION, INC., AN Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>D/J MASONRY LLC, a Washington limited liability company,<br><br>Defendant. | No.   2:15-CV-0185-SMJ<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Before the Court, with oral argument, is Defendant D/J Masonry LLC's Motion to Dismiss, ECF No. 5. Defendant asks the Court to dismiss the action for lack of subject matter jurisdiction under FRCP 12(b)(1). Having reviewed the pleadings and relevant authority, the Court is fully informed and denies Defendant D/J Masonry's motion.

Masonry Industry Trust and D/J Caulking entered into a collective bargaining agreement with D/J Caulking. ECF No. 1. In the agreement, D/J Caulking agreed to pay wages and make contributions to a trust fund on behalf of their employees. *Id.* Previously, Plaintiff filed suit against D/J Caulking under

ORDER **-** 1

the Employment Retirement Income Security Act of 1974 (ERISA) and obtained judgement for contributions owed that covered the period of February 2008 to August 2009. *Id.*

In the present action, Plaintiff seeks contributions from D/J Masonry owed for a time period after the prior February 2008 to August 2009 judgement. Plaintiff claims that Defendant D/J Masonry is bound by the labor agreement because it is D/J Caulking's alter ego and/or successor company.  The Defendant moves to dismiss Plaintiff's complaint pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction. Defendant argues that this action is not an ERISA action, but a "veiled collection action based on 'piercing the veil,' i.e. 'alter ego.'" ECF No. 5 at 2.  Defendant contends that Plaintiff is trying to get into federal court with a collection action that is masquerading as an ERISA action. Thus Defendant argues that without ERISA, Plaintiff's basis for federal jurisdiction is lost.

In support, Defendant cites *Peacock v. Thomas*, 512 U.S 349 (U.S. 1996). In *Peacock*, the Plaintiff filed an ERISA suit against his employer, and obtained judgment.  *Id*. at 866.  After unsuccessfully attempting to collect on the judgement, Plaintiff then sued an officer of his employer seeking to collect on that judgment.  *Id*.  In his complaint against the officer, he asserted a claim for "Piercing the Corporate Veil under ERISA and Applicable Federal Law." *Id*.  The

district court allowed Plaintiff to pierce the veil and collect on the prior judgment. *Id.*

The Supreme Court reversed the decision, holding that the district court lacked subject matter jurisdiction over a new action in which a former employee as judgement creditor sought to impose liability for money judgment on a person not otherwise liable for the judgment. *Id.* at 869. The Court emphasized that "piercing the veil is not itself an independent ERISA cause of action and cannot independently support federal jurisdiction." *Id.*

*Peacock* is unlike the present matter. In *Peacock*, the plaintiff alleged no violation of ERISA in his second suit. His only argument was that the defendant was liable for the first suit's judgment because he was an alter ego of the first suit's defendant.

In the present matter, Plaintiff does not seek to hold D/J Masonry liable on the judgment already obtained against David D/J Caulking. Plaintiff seeks to hold D/J Masonry directly liable under ERISA for its alleged failure to pay fringe benefit contributions under the labor agreement during a different time period. Plaintiff only uses the alter ego/successor liability doctrine to allege that D/J Masonry is bound by the labor agreement between it and D/J Caulking. Because this Court has subject matter jurisdiction over ERISA actions, and Plaintiff's claims are based on ERISA violations, jurisdiction in this Court is proper.

ORDER - 3

The motion is denied.

//

Accordingly, **IT IS HEREBY ORDERED**: Defendant D/J Masonry LLC's Motion to Dismiss, **ECF No. 5**, is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 19th day of January 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge