FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 09, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MASONRY INDUSTRY TRUST ADMINISTRATION, INC., an Oregon corporation, <br><br> Plaintiff, <br><br> v. <br><br> D/J MASONRY LLC, a Washington limited liability company, <br><br> Defendant. | No. 2:15-CV-00185-SMJ <br><br> **ORDER AWARDING SANCTIONS AND DIRECTING ENTRY OF DEFAULT JUDGMENT** |

On August 11, the Court granted Plaintiff Masonry Trust Administration, Inc.'s motion for sanctions. ECF No. 107. The Court stated its intent to enter default judgment in favor of Masonry Industry Trust and set a briefing schedule for the parties to brief the amount of damages. *Id.* at 3. The order directed Plaintiff to file a memorandum no later than September 11, 2017, setting forth the detailed legal and factual basis for its claimed damages, fees, and costs and permitted Defendant to file a response no later than September 25, 2017. *Id.* Plaintiff filed its

ORDER - 1

memorandum and supporting declarations on September 11, 2017. ECF Nos. 110–112. Defendant has filed no response.[1]

The Court has reviewed Plaintiff's filings and the relevant law and finds the requested damages are appropriate. Because Defendant refused to provide business and payroll records necessary to verify the amount of ERISA contributions owed by Defendant, Plaintiff is entitled to a reasonable estimate of the contributions owed. *See Brick Masons Pension Tr. v. Indus. Fence & Supply, Inc.*, 839 F. 2d 1333, 1338 (9th Cir. 1998) ("[W]hen an employer fails to keep adequate records of hours worked as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.,* the employee carries his burden of proving damages 'if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). The Court is satisfied that the estimate prepared by Plaintiff's auditor Steven Middleton, ECF No. 111, is reasonable and well supported. The Court adopts Mr. Middleton's estimate of ERISA and ancillary

---

[1] Defendant never filed a motion to request to extend its deadline to respond, but D/J Masonry LLC's owner David Petroske contacted opposing counsel on September 24, 2017, to request a 30-day extension, and contacted opposing counsel and the Court by phone and email on October 25, 2017, to request an additional 20-day extension. In both instances, the Clerk's Office contacted Mr. Petroske to explain that he would need to file a motion to request an extension of his filing deadline and the process for doing so.

ORDER - 2

contributions, interest, and liquidated damages, as the amount of default damages owed by Defendant in this case.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Clerk's Office shall **ENTER JUDGMENT** against Defendant D/J Masonry, LLC, and in favor of Plaintiff Masonry Industry Trust Administration, Inc., in the following amounts:

    A. **$460,736.21** in ERISA and Ancillary Contributions;

    B. **$260,063.02** in interest calculated through September 25, 2017, with interest continuing to accrue at the rate of $210.12 per day until paid; and

    C. **$41,877.00** in liquidated damages on ERISA Contributions.

2. Plaintiff may file a motion for attorney's fees and costs pursuant to Rule 54(d).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, enter Judgment, and provide copies to all counsel and pro se Defendant, and **CLOSE** this case.

**DATED** this 9th day of November 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge